**E-FILED**
Tuesday, 25 June, 2013  11:06:19 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| JAMES HORNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-1168 |
| | ) | |
| ELM LOCATING & | ) | |
| UTILITY SERVICES,   and | ) | |
| JEFFERSON BLAINE CADIEU, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant Jefferson Blaine Cadieu's Motion to Dismiss (d/e 9) (Motion).  For the reasons set forth below, the Court recommends that the Motion should be ALLOWED.

Plaintiff James Horner brings claims against Cadieu and Elm Locating and Utility Services (Elm) under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., and the Americans the Disabilities Act (ADA), 42 U.S.C. § 12111 et seq.  Complaint (d/e 1), Count I (Title VII), and Count II (ADA).  Horner alleges that Elm was his employer and Cadieu was a Vice President for Elm and an agent of Elm.  Complaint, ¶¶ 1, 7-8.  Horner does not allege any other claims.

Cadieu moves to dismiss the claims against him because Horner does not allege that he was Horner's employer.  Title VII actions may be brought against an employer, labor organization, or employment agency. 42 U.S.C. § 2000e-2.  Employment actions under the ADA may be brought against an employer, employment agency, labor organization or joint labor-management committee.  42 U.S.C. § 12111(2).  Thus, Horner can bring his claims against his employer, Elm.  The ADA and Title VII do not authorize actions against a specific supervisor, manager or other employee.  E.g., Silk v. City of Chicago, 194 F.3d 788, 797 n.5 (7th Cir. 1999) (ADA actions); Williams v. Banning, 72 F.3d 552, 554 (7th Cir. 1995) (Title VII actions).  Therefore, the claims against Cadieu should be dismissed.

Horner urges the Court to follow contrary persuasive authority.  See Ball v. Renner, 54 F.3d 664 (10th Cir. 1995).  This Court should decline the invitation.  The Seventh Circuit acknowledged the existence of the Ball decision in Williams, but decided not to follow it.  Williams, 72 F.3d at 554. This Court should follow controlling authority from the Seventh Circuit. Horner does not allege that Cadieu was his employer.  Therefore, Horner cannot bring an action against him under either the ADA or Title VII. Horner fails to state a claim against Cadieu.

WHEREFORE Defendant Jefferson Blaine Cadieu's Motion to
Dismiss (d/e 9) should be ALLOWED.  The claims against Defendant
Cadieu should be dismissed with prejudice.

The parties are advised that any objection to this Report and
Recommendation must be filed in writing with the Clerk of the Court within
fourteen days after service of an ECF copy of this Report and
Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection
will constitute a waiver of objections on appeal.  See Video Views, Inc. v.
Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:  June 25, 2013

> _s/ Byron G. Cudmore_
> UNITED STATES MAGISTRATE JUDGE