IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| JAMES HORNER, | ) |
| Plaintiff, | ) |
| v. | ) No. 13-cv-1168 |
| ELM LOCATING & UTILITY SERVICES, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant ELM Locating and Utility Services' (ELM) Motion to Dismiss Count III of Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction (d/e 47) (Motion). For the reasons set forth below, the Motion should be ALLOWED. Count III should be dismissed as moot, with the Court retaining jurisdiction to consider any claim by Plaintiff James Horner for attorney fees and costs.

### STATEMENT OF THE FACTS

Horner worked for ELM until December 12, 2011. Count III of the Amended Complaint alleges that ELM wrongfully withheld $891.58 from Horner's final paycheck. Horner alleges in Count III a supplemental claim

under the Illinois Wage Payment and Collection Act (Act), 820 ILCS 115/1 et seq., for the $891.58, plus interest, attorney fees and costs. Amended Complaint (d/e 20). The Act authorizes employees to recover any wages that were earned but not paid when due, plus statutory damages of 2% of the unpaid wages per month from the original date that the wages were due until the date paid, plus attorney fees and costs. 820 ILCS 115/14(a).

On October 31, 2013, ELM delivered a check to Horner in the sum of $1,378.36, representing the $891.58, plus the 2% per month statutory damages from December 1, 2011, to October 31, 2013. ELM moves to dismiss Count III on the grounds that the claim is moot because Horner received payment in full of the remedy sought in Count III.

ANALYSIS

Once a party has received the relief sought, his claim becomes moot and this Court loses subject matter jurisdiction because no case or controversy remains. Pakovich v. Verizon LTD Plan, 653 F.3d 488, 491-92 (7th Cir. 2011); Cornucopia Institute v. U.S. Dept. of Agriculture, 560 F.3d 673, 676 (7th Cir. 2009). Horner argues that his claim is not moot because he seeks fees and costs. The Court disagrees. Horner's prayer for attorney fees and costs does not save the claim from becoming moot. Claims for fees and costs are separate from the underlying claim for relief.

This Court retains jurisdiction to consider the claim for attorney fees and costs, but Horner's claim under the Act in Count III is moot and should be dismissed. Pakovich, 653 F.3d at 492-93; Cornucopia Institute, 560 F.3d at 676-78; Fed. R. Civ. P. 54(d) and 58(e); see Budinich v. Becton Dickinson and Co., 486 U.S. 196, 200 (1988).

Horner also argues that the claim in Count III is not moot because ELM did not admit liability. The cover letter accompanying the check states, in part, "This unconditional tender by ELJ shall not be construed as an admission that Mr. Horner was entitled to compensation during the relevant time period, nor is it an admission of any liability or wrongdoing by ELM." Motion, Exhibit A, Letter dated October 31, 2013. Horner argues that a case and controversy remains to determine ELM's liability. This Court disagrees.

This Court only has subject matter jurisdiction to hear cases and controversies. U.S. Const. art. III, § 2. "In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action." Genesis Healthcare Corp., v. Symczyk, __ U.S.__, 133 S.Ct. 1523, 1528 (2013) (quoting Camreta v. Greene, __ U.S. __, 131 S.Ct. 2020, 2028 (2011)). If the plaintiff ceases to have a personal stake in the outcome of

the action while the action is pending, "the action can no longer proceed and must be dismissed as moot." Symczyk, 133 S.Ct. at 1528. In this case, Horner no longer has a personal stake in proving that ELM violated the Act because he has already been paid in full. Horner's claim in Count III is moot. The Court retains jurisdiction to consider Horner's claims for fees and costs, but the Court lacks subject matter jurisdiction to hear Horner's claim for unpaid wages under the Act. Pakovich, 653 F.3d at 492-93.

THEREFORE, THIS COURT RECOMMENDS that Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction (d/e 47) should be allowed. Count III of the Amended Complaint should be dismissed for lack of subject matter jurisdiction as moot. This Court should retain jurisdiction to consider any claim Horner may present for attorney fees and costs.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will

constitute a waiver of objections on appeal.  See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.


ENTER:   November 18, 2014


                                             *s/ Tom Schanzle-Haskins*
                                      UNITED STATES MAGISTRATE JUDGE